IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES A. NIEDERSTADT,

    Plaintiff,

v.                                          No. CV 13-0346 KG/KBM

CARRIZOZO/TOWN OF
CARRIZOZO POLICE DEPT.,
D. A. CEBALLES,
D. A. OFFICE TWELFTH JUDICIAL DISTRICT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, in 2003, Plaintiff was convicted on false charges of battery on a household member.  In another related case, the charges were dismissed.  Plaintiff contends that the Defendants' actions amounted to false imprisonment and violated his rights under the Fourteenth Amendment.  The complaint seeks damages.

Plaintiff's constitutional claim is barred as untimely filed.  The period of limitations for a § 1983 action is the forum state's personal injury statute, *see Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd*, 471 U.S. 261, 280 (1985), and the limitation on personal injury actions in New Mexico is three years.  *See* N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990).  The alleged injury occurred ten years before the complaint was filed, and the limitations period applicable to Plaintiff's claims has long expired.  *See Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) ("Section 1983 claims accrue, for the purpose of the statute of limitations, ' "when the plaintiff knows or has reason to know of the injury which is the basis of his action." ' ") (citations omitted).  The complaint was untimely filed and no relief is available on Plaintiff's claims.  The Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

2